of a referee the court distributed the estate as follows: One-third plus commissions to the administrator, as the husband of deceased; two-thirds to Rufus B. Laramie, as her only legitimate child; and all the costs of a contest between the children of deceased were charged to the administrator personally. He appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. Chas. B. Thornton*, for appellant. *Francis Speir, Jr.*, (*John Oscar Ball*, of counsel,) for respondents.

BARNARD, P. J. The case shows that Benjamin Laramie was appointed by the surrogate of Kings county administrator of the estate of Harriet M. A. Laramie, his wife. The administrator petitioned for a judicial settlement of his account. By his petition the administrator stated that certain infants were among those interested in the estate. These infants were cited to appear at the accounting, and subsequently to the return of the citation the surrogate appointed a special guardian for them to take care of their interests on the final settlement. Objections were taken to the account, and the proceedings were referred to John A. Kemble, referee, to hear and determine all matters arising upon the settlement of the account. Among the items contested was a payment of $250 by the administrator to his attorney. The evidence shows that the administrator agreed with his attorney to pay $250 for obtaining the money from England, which constituted all the estate. It was a legacy due the deceased, and amounted to $683.99, and was from the estate of Elizabeth Weeks. The evidence shows that $250 was a reasonable charge for the work done, and that sum should have been allowed by the referee.

The only other question litigated on the trial was whether the young children were distributees. Laramie was married to the deceased, and by her he had children, one of whom, Rufus B. Laramie, alone survives. In 1861 Benjamin Laramie enlisted first in the army and then in the navy. On his return he found his wife had one young child; that she was living with one Joseph Young, and by him had these disputed children. The referee has found them illegitimate. The objection is taken that the question of the legitimacy of the children exceeds the power of the surrogate's court. The point does not seem to be well founded. The power to determine who are the proper distributees is inherent to the power to settle and account and distribute the estate. It is also held to exist by adjudged cases. *Riggs* v. *Cragg*, 89 N. Y. 479; *Purdy* v. *Hayt*, 92 N. Y. 446; *Re Verplanck*, 91 N. Y. 439.

There is nothing in the evidence which shows that the costs of the special guardian, or of the attorney for the legitimate child, should be charged against the husband's share, as he was left to pay his own costs. The special guardian, who was as well the special guardian of the legitimate child as of the illegitimate children, should equitably be paid out of the share of the legitimate child. The contest was between these children, and there is no proof showing bad faith or unreasonable contest upon the part of the husband of the deceased. He presented the question to the surrogate's court, and that is all. The contest was taken up by the child against his illegitimate brothers and sisters. The husband did nothing to call for the payment by him of the costs of this contest. Decree modified in accordance with these views, and no costs allowed to either party on this appeal. All concur.

---

## WELDE *v.* HENDERSON *et al.*

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

1. MECHANICS' LIENS—ENFORCEMENT—SERVICE OF SUMMONS.
    This court having held, on a motion to vacate a judgment in mechanic's lien proceedings under Laws N. Y. 1873, c. 489, that the notice of lien served therein contained all the elements of a summons, and gave the court jurisdiction, it is error,

in a subsequent action of ejectment brought by the purchaser at the lien foreclosure sale, to dismiss the complaint, on the ground that no summons in the lien proceedings had been served on defendant.

2. SAME—STATUTORY PROVISIONS.

Where a lien was filed while Laws 1873, c. 489, was in force, the subsequent proceedings are properly had under that act, though they are begun after the enactment of Laws 1885, c. 342, which repealed the act of 1873, but saved the rights of lienors then existing.

3. SAME—ASSESSMENT OF DAMAGES—ERRORS.

Under the act of 1873, the damages on default could be assessed by the clerk, and an erroneous assessment would not make the judgment a nullity.

Appeal from special term, Westchester county

Ejectment by Charles Welde against Sarah H. Henderson and others, her tenants, to recover certain lots of land in the village of Unionport, of which defendant Henderson was the owner prior to the proceedings hereinafter mentioned. In October, 1884, plaintiff duly filed a notice of mechanic's lien against the premises for $515.32. In June, 1885, he brought an action to foreclose the lien; the notice thereof being personally served on defendant Henderson. She failing to appear, plaintiff on July 20, 1885, obtained judgment by default for foreclosure of the lien and against her personally for deficiency, the damages being assessed by the clerk. Execution was issued on that judgment, under which the premises were duly sold to plaintiff, September 19, 1885. On December 10, 1885, defendant Henderson moved to vacate and set aside the judgment, and all proceedings in the action, including the sale, on the grounds that she had never been served with summons, and had never appeared in the action except specially; that plaintiff had assessed the damages before the clerk of court instead of before the court or a referee; and that judgment had been entered without application to the court. This motion was denied at special term, and the decision affirmed on appeal to the general term in May, 1886. 10 Civ. Proc. R. 217 Defendant Henderson did not redeem from the execution sale, and in December, 1886, the sheriff executed a deed of the premises to plaintiff, under which he now claims. The court in this action of ejectment excluded evidence of the judgment, and all proceedings in the lien action, and dismissed the complaint. Plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Earley & Prendergast,* for appellant.　*H. C. Henderson* and *Wm. C. Reddy,* for respondents.

BARNARD, P. J. It was held by this court upon an appeal from an order denying a motion to set aside the judgment in *Welde* v. *Henderson* that the notice of lien contained in itself all the elements of a summons, and that by it the court got jurisdiction of the action. This motion was made after judgment and sale of the property, and the decision is binding upon this court. The proceedings were properly conducted under chapter 489, Laws 1873. This was the law existing when the lien was filed, and chapter 342, Laws 1885, which repealed it saved the rights of lienors existing at the passing of the act of 1885, § 26. *Fitzpatrick* v. *Boylon,* 57 N. Y. 443. Under the act of 1873, no summons was needed, and the damages by default could be assessed by the clerk. If the proceedings had been under the act of 1885, an assessment made erroneously would not make void the judgment. The court had jurisdiction of the subject-matter and of the parties, and an erroneous proceeding in it would justify a motion to vacate the judgment, but not to treat it is a nullity. The judgment should therefore be reversed, and a new trial granted, costs to abide the event.

PRATT, J., concurs.